James E. Magleby (7247)
magleby@mcg.law
Yevgen Kovalov (16297)
kovalov@mcg.law
**MAGLEBY CATAXINOS & GREENWOOD, PC**
141 W. Pierpont Avenue
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000

Scott A. Kitner (*pro hac vice*)
scott@kitnerwoodward.com
Martin D. Woodward (*pro hac vice*)
martin@kitnerwoodward.com
**KITNER WOODWARD PLLC**
13101 Preston Road, Suite 110
Dallas, Texas 75240
Telephone: 214.443.4300

Christopher A. Seeger (*pro hac vice*)
cseeger@seegerweiss.com
Scott A. George (*pro hac vice*)
sgeorge@seegerweiss.com
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, New Jersey 07660
Telephone: 973.639.9100

Steven A. Schwartz (*pro hac vice*)
steveschwartz@chimicles.com
Beena M. McDonald (*pro hac vice*)
bmm@chimicles.com
**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 642-8500

Attorneys for Plaintiffs and the Class
*Additional counsel listed on Signature Page*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| IN RE: THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS TITHING LITIGATION<br><br>*This document relates to all actions* | **PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT FOR APPOINTMENT OF INTERIM CLASS COUNSEL AND INTERIM LIAISON COUNSEL**<br><br>Case No. 2:24-md-03102-RJS-DAO<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiffs Daniel Chappell, Masen Christensen, John Oaks, Joel Long, Kevin Risdon, Brandall Brawner, and Gene and Michelle Judson ("Plaintiffs") respectfully move this Court for an order appointing Seeger Weiss LLP

("Seeger Weiss"), Kitner Woodward PLLC ("Kitner Woodward"), and Chimicles Schwartz Kriner & Donaldson-Smith LLP ("Chimicles Schwartz") as Interim Class Counsel, and Magleby Cataxinos & Greenwood, PC ("Magleby") as Interim Liaison Counsel (collectively, "Proposed Class Counsel"). Counsel for Plaintiffs in each of the cases in this Multidistrict Litigation support the proposed leadership structure. While Defendants did not oppose the earlier leadership appointment in *Chappell*, they have informed counsel for Plaintiffs that they currently take no position on this proposed modification of that appointment.

## RELIEF SOUGHT AND GROUNDS FOR RELIEF

All Plaintiffs, through their counsel and pursuant to Federal Rule of Civil Procedure 23(g), hereby move this Court to appoint their counsel Seeger Weiss LLP, Kitner Woodward PLLC, and Chimicles Schwartz Kriner & Donaldson-Smith LLP to serve as Interim Class Counsel, and to appoint Magleby Cataxinos & Greenwood, PC as Interim Liaison Counsel. In support thereof, Plaintiffs submit the supporting Declaration of Christopher A. Seeger ("Declaration").

All Counsel for all Plaintiffs in the above-captioned Multidistrict Litigation proceeding support the proposed leadership structure, which represents a slight modification to the leadership structure approved by Judge Stewart in the *Chappell* case, No. 2:23-cv-00794-TS-DBP. While Defendants did not oppose the earlier appointment in *Chappell*, they have informed counsel for Plaintiffs that they currently take no position on the proposed modification of that earlier appointment.

## INTRODUCTION

Plaintiffs filed all of the Complaints in the five cases in this Multidistrict Litigation after Proposed Class Counsel dedicated many months of factual investigation, discussions with potential plaintiffs and class representatives, and extensive legal research. *See* ECF No. 1 in each member case.  In the Complaints, Plaintiffs allege that Defendants solicited donations for charitable purposes, but actually maintained the donated funds in a series of shell corporations that spent no money on charitable activities and that were not disclosed to the public.  Plaintiffs in the member cases bring various claims on behalf of themselves and all others similarly situated against Defendants and seek monetary and equitable relief.

In the *Chappell* case, which was the first-filed case in this Multidistrict Litigation proceeding, Judge Stewart appointed Seeger Weiss and Kitner Woodward, to serve as Interim Class Counsel, and James Magleby to serve as Interim Liaison Counsel. *See* ECF No. 35 in *Chappell*, No. 2:23-cv-00794-RJS-DAO. All Plaintiffs now move to add Chimicles Schwartz to serve as Interim Class Counsel along with Seeger Weiss and Kitner Woodward. Plaintiffs move for the appointment of Proposed Interim Class and Liaison Counsel because each of the proposed firms are uniquely qualified to lead this litigation and ensure the efficient and prompt resolution of the claims of Plaintiffs and the proposed Class in this Multidistrict Litigation.  Proposed Class Counsel have committed to draw on their extensive professional and financial resources to litigate and manage this litigation.

## LEGAL STANDARD

The Federal Rules permit courts to appoint interim lead counsel before determining whether to certify an action as a class action in order to ensure the protection of the interests of the

class. Fed. R. Civ. P. 23(g)(3); *White v. Med. Rev. Inst. of Am., LLC*, 2022 WL 2905665, at *2 (D. Utah July 22, 2022).

When selecting interim lead class counsel, courts must consider "(1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class." *Id.* None of these factors is, on its own, determinative; instead courts should consider all factors with the ultimate goal of appointing counsel that is "qualified and responsible, that they will fairly and adequately represent all parties on their side, and that their charges will be reasonable." *See* Manual for Complex Litig. § 10.22

## ARGUMENT

Proposed Class Counsel amply satisfy the requirements of Rule 23(g), and are best suited to fairly, efficiently, and adequately represent all members of the proposed class. Proposed Class Counsel are well-resourced firms with extensive experience litigating complex class actions on behalf of plaintiffs and other private citizens in an extensive variety of contexts and circumstances, and have knowledge of the relevant legal issues required to do so. By leveraging this experience and knowledge base, Proposed Class Counsel has already worked extensively to investigate and develop the claims of Plaintiffs and the proposed Class before filing their respective Complaints. For these reasons, Proposed Class Counsel is best suited to fairly and adequately protect the interests of all members of the proposed Class, and this Court should grant Plaintiffs' motion.

### A. Proposed Class Counsel has already extensively investigated the underlying claims

The claims in this matter are complex and nuanced, and based on complex facts regarding a baroque series of interconnected entities and holdings used to stockpile billions of dollars of donations meant to be used for charitable work. Proposed Class Counsel has already developed a deep knowledge of these claims in preparing the various Complaints, by investigating the facts of both the Defendants' solicitation of funds and their active efforts to preclude scrutiny of the eventual use and disposition of these funds, Defendants' corporate structures, and the impact Defendants' conduct has had on Plaintiffs and members of the proposed Class. Adding to the demands of this investigation is the fact that Defendants' scheme covers decades and includes the use of shell corporations to conceal the true extent of their deception.

This work has already required significant resources which Proposed Class Counsel will continue to build upon, including hundreds of hours of attorney time dedicated to the factual and legal investigation and analysis underpinning the Complaints.

### B. Proposed Class Counsel has the relevant experience and skill to lead this action

Proposed Class Counsel has consistently served as leaders in a number of high-profile, complex, and historically significant class actions, which has given them the requisite experience and skill to efficiently and ably represent the proposed Class.

*Seeger Weiss LLP*

Seeger Weiss is one of the nation's preeminent trial law firms, with an established track record of helping lead some of the most complex and important cases on behalf of consumers and injured parties. Since cofounding the firm in 1999, Christopher A. Seeger has earned leadership

appointments from state and federal courts throughout the U.S. in many of the most complex and impactful MDL and class litigations, securing key jury verdicts and negotiating innovative, effective settlements valued at tens of billions of dollars for individuals, municipalities, and private purchasers.

In 2012, Mr. Seeger was appointed Co-Lead Counsel and served as chief negotiator on behalf of a class of approximately 20,000 retired NFL players in ground-breaking litigation against the NFL, *In re National Football League Players' Concussion Injury Litig.*, MDL No. 2323 (E.D. Pa.). Mr. Seeger surmounted substantial legal and procedural challenges (including federal preemption, causation, and sub-classing issues) to lead settlement negotiations in coordination with subclass counsel. The results achieved there—including an uncapped settlement fund which has already provided over $1 billion in Monetary Awards to retired players alongside neurological and neuropsychiatric baseline evaluations and associated care—were overwhelmingly supported by the class.

More recently, Mr. Seeger has continued his leadership role in complex multidistrict cases. As a member of the Plaintiffs' Executive and Settlement Committees in *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804 (N.D. Ohio), Mr. Seeger prosecuted negligence, fraud, and related claims, and helped Plaintiffs secure over $50 billion in settlements. Even more recently, as co-lead counsel in *In re 3M Products Liab. Litig*, MDL No. 2885 (N.D. Fl.), Mr. Seeger announced a landmark settlement worth more than $6 billion on behalf of servicemembers and veterans who suffered hearing injuries while using 3M earplugs. Similarly, as court-appointed a co-lead in *In re: Phillips Recalled CPAP, Bi-Level Pap, and Mechanical Ventilator Litig.*, MDL No. 3014 (W.D. Pa.), and the lead settlement negotiator, Mr. Seeger secured an uncapped class action

settlement in 2023 for economic loss (consumer) claims worth over $479 million, and, earlier this year, an agreement to resolve personal injury claims for $1.075 billion and medical monitoring claims for $25 million.

Mr. Seeger's success at the negotiating table is built on his success in the courtroom. Counsel know Mr. Seeger is fully willing and capable of taking large and complex cases to trial. Notably, the firm's successes in trying bellwether cases have catalyzed global settlements. For example, in *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, MDL No. 2047 (E.D. La.), Mr. Seeger was appointed Chair of the Plaintiffs' Trial Committee and was lead trial counsel in a series of successful bellwether trials. The plaintiffs' verdicts from those trials laid the groundwork for a national settlement valued at approximately $1 billion. Similarly, *In re Vioxx Prods. Liab. Litig.*, MDL No. 1657 (E.D. La.), in which Mr. Seeger was appointed Co-Lead Counsel, settled for $4.85 billion after five years of intense litigation, but mere months after obtaining a jury verdict of $47.5 million for one of his clients.

Mr. Seeger has earned the trust of his colleagues, opposing counsel, and the judiciary across the country, by virtue of his disciplined, earnest, and honest approach to litigation and conflict resolution. Mr. Seeger frequently presents at conferences and panels with members of the bar and bench on ways to continue to innovate within and improve MDL and complex litigation to serve the interests of justice. He is an elected member of the American Law Institute; a member of the Board of Advisors to the NYU School of Law, Center on Civil Justice; and serves on an Advisory Council to the Duke Law Center for Judicial Studies.  A more complete description of the accomplishments of Mr. Seeger and Seeger Weiss is reflected in the firm resume attached as Exhibit "A" to the Declaration.

***Kitner Woodward PLLC***

Kitner Woodward PLLC is a full-service firm specializing in class lawsuits, and over the past 25 years, the firm and its lawyers have represented plaintiffs in multiple complex consumer class actions.

In *Haddock v. Nationwide Life Ins. Co.* (D. Conn), for example, the firm's lawyers settled claims for ERISA violations in excess of $140 million on behalf of a nationwide class of 401(k) plan participants alleging that their investment provider for accepting unauthorized payments from mutual fund providers. In *Lopez v. American Express Bank, FSB* (C.D. Cal.), the firm's lawyers represented a class of cardholders challenging a banks' increase of interest rates on existing balances, achieving a nationwide settlement.

Kitner Woodward also has experience representing plaintiffs in similar claims to the ones at issue here. In *Murphy v. Gospel for Asia.* (W.D. Ark.), the firm's lawyers represented a nationwide class of donors bringing RICO claims against a religious charity based on claims that contributions donated for specific purposes were diverted to non-charitable ends. The firm's lawyers negotiated a settlement of $37 million. A more complete description of the accomplishments of Kitner Woodward is reflected in the firm resume attached as Exhibit "B" to the Declaration.

***Chimicles Schwartz Kriner & Donaldson-Smith LLP***

Chimicles Schwartz is one of the nation's preeminent class action law firms, with an established track record over the past 30 years of achieving substantial, ground-breaking results for the classes they represent. Most recently, Mr. Schwartz along with Mr. Seeger, served as Co-Lead Class Counsel in *In re Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator*

*Products Litigation*, MDL No. 3014 (W.D. Pa.) where they negotiated a series of settlements which, if consummated, require the Philips Defendants to pay over $1.7 billion. Chimicles Schwartz Partner Ms. McDonald served in a key role in that case. Mr. Schwartz and Ms. McDonald also prosecuted *In re MacBook Keyboard Litigation* (N.D. Cal.), which settled for $50 million shortly before trial. Mr. Schwartz previously settled another case against Apple for $53 million, which represented more than 117% of the costs class members paid to replace their iPhones and iPods. *In re Apple iPhone/iPod Warranty Litigation* (N.D. Cal.).

Mr. Schwartz recovered over $20 million where he represented the late Edward Asner and other prominent actors in a ground-breaking ERISA medical benefits coverage case. *Asner v. SAG-AFTRA HEALTH FUND* (C.D. Cal.). He also recovered over $26 million in *Snitzer v. Board of Trustees of the American Federation of Musicians Pension Plan* (S.D.N.Y.).

Over the course of his career, Mr. Schwartz have obtained many settlements and class-wide judgements representing full recovery of class members' damages. Examples include: *In re Aramark Bonus Litig.*, (E.D. Pa.) ($21 million, representing full recovery of damages); *Cigna-American Specialty Health Administrative Fee Litigation* (E.D. Pa.) ($20 million settlements representing full recovery of damages); *Rodman v. Safeway* (N.D. Cal.) ($42 million summary judgment, representing full recovery of damages plus interests, affirmed at 2017 U.S. App. LEXIS 14397 (9th Cir. 2017); *In re Sears, Roebuck & Co. Front Loading Washer Products Litigation* (N.D. Ill.) (settlement provided a "full-value, dollar-for-dollar recovery" that was "as good, if not a better, [a] recovery for Class Members than could have been achieved at trial." 2016 U.S. Dist. LEXIS 25290 at *35 (N.D. Ill. Feb. 29, 2016); *Wong v. T-Mobile* (E.D. Mich.) (settlement where class members received net recovery of 100% of overcharges); *Shared Medical Systems (Siemens)*

*Incentive Compensation Plan Litigation* (Philadelphia Court of Common Pleas) (classwide summary judgment resulting in class members receiving a net recovery of 100% of their damages plus interest); *In re Baycol Third Party Payor Litigation* (Philadelphia Court of Common Pleas) (classwide summary judgment resulting in class members receiving a net recovery of 100% of their damages plus interest, which represented three times the net recovery of Bayer's voluntary claims process (which AETNA and CIGNA had negotiated and was accepted by many large insurers who opted out of the class early in the litigation)); *In re Merrill Lynch Coin Fund Litigation* (C.D. Cal.) ($35 million settlement representing full net recovery of limited partners' initial investments in fraudulent limited partnerships).

More information about Mr. Schwartz, Ms. McDonald and Chimicles Schwartz is attached at Exhibit "C" to the Declaration.

### Magleby Cataxinos & Greenwood, PC

Magleby Cataxinos & Greenwood, PC ("MCG") is a Salt Lake City firm with a deep knowledge of this Court's local rules and practices as well as a record of success. Over the course of the firm's existence, the firm has obtained over $340 million in verdicts, awards and settlements. Notable matters include *Clearone Communications v. Wideband Solutions* (D. Utah), where the firm represented a plaintiff alleging misappropriation of trade secrets, obtaining a $10.5 million jury verdict which was upheld on appeal. In the case of *USA Power v. Pacificorp*, MCG obtained a jury verdict of over $133 million, which was affirmed on appeal and was a top-twenty verdict in the nation for the year. The firm conducted a lengthy trial through Zoom in the Summer of 2020 in Utah federal court, resulting in an award now valued in excess of $14.5 million, in *Vitamins Online v. HeartWise*, before the Hon. Dale Kimball, which has also been affirmed on appeal. The

firm also has a robust public interest practice, including representing plaintiffs in *Kitchen v. Herbert* (D. Utah), which successfully challenged Utah's laws prohibiting the recognition of same-sex marriages. MCG's James Magleby, who was counsel on all of the aforementioned cases, is an experienced, frequent and trusted practitioner before this court, and in state courts in Utah. A more complete description of the accomplishments of Mr. Magleby is reflected in his professional resume attached as Exhibit "D" to the Declaration.

### C. Proposed Class Counsel are able and willing to commit the resources required to represent the class

Proposed Class Counsel has already demonstrated that they are willing and able to devote the resources required to represent the proposed class. Together, the firms have a deep bench of experienced attorneys and staff members from which they can draw to litigate this case and to ensure that the interests of the proposed class are adequately represented.[1] Proposed Class Counsel has already demonstrated this commitment by dedicating significant resources to this litigation by thoroughly investigating the underlying claims and researching applicable law. Through their past representations, the firms have likewise demonstrated their ability to cover costs and assessments through the pendency of the litigation.

Proposed Class Counsel is also prepared to represent the proposed class efficiently and without duplication. If appointed, Proposed Class Counsel will establish a protocol for time and expense reporting, and will avoid duplicative and inefficient billing in order to maximize returns to the class while still zealously litigating on its behalf.

---

[1] "Where consideration of other relevant factors does not tilt heavily in either direction, and there is a need for an objective tie-breaker, courts may also consider which party was first to file a complaint." *White v. Med. Rev. Inst. of Am.*, LLC, 2022 WL 2905665, at *2-3 (D. Utah July 22, 2022) (quoting *In re Frontier Airlines Litig.*, 2020 WL 9258441 (D. Colo. Dec. 16, 2020).

### D. James Magleby, as Interim Liaison Counsel, will further ensure efficiency and compliance with local practice

As a member of the local bar "whose office is near the court and who [is] familiar with the bench and bar" James Magleby (and the team at Magleby) are well-suited to undertake the duties of liaison counsel, including facilitating communications with the court and opposing counsel, organizing meetings, and advising interim class counsel of developments and local rules and practices. *In re Frontier Airlines Litig.*, 2020 WL 9258441, at *10-11 (D. Colo. Dec. 16, 2020)

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant this Motion and appoint Seeger Weiss LLP, Kitner Woodward PLLC, and Chimicles Schwartz Kriner & Donaldson-Smith LLP as Interim Class Counsel, and Magleby Cataxinos & Greenwood, PC as Interim Liaison Counsel.

**DATED** this 29th day of May 2024

**MAGLEBY CATAXINOS & GREENWOOD, PC**

/s/ James E. Magleby
James E. Magleby
Yevgen Kovalov

**SEEGER WEISS LLP**
Christopher A. Seeger (*pro hac vice*)
Scott A. George (*pro hac vice*)
Frazar W. Thomas (*pro hac vice*)

**KITNER WOODWARD PLLC**
Scott A. Kitner (*pro hac vice*)
Martin D. Woodward (*pro hac vice*)

*Counsel for Plaintiffs Daniel Chappell, Masen Christensen and John Oaks*

**CHIMICLES SCHWARTS KRINER & DONALDSON-SMITH LLP**
Steven A. Schwartz (*pro hac vice*)
Beena M. McDonald (*pro hac vice*)

*Counsel for Plaintiff Kevin Risdon*

**CAREY & DANIS LLC**
James J. Rosemergy (*pro hac vice*)

*Counsel for Plaintiff Joel Long*

**JACOB FLINT LAW**
Jacob A. Flint (*pro hac vice*)

*Counsel for Plaintiff Brandall Brawner*

**LAVELY AND SINGER P.C.**
David B. Jonelis (*pro hac vice*)

**EAGAN LAW CORPORATION**
Todd S. Eagan (*pro hac vice*)

*Counsel for Plaintiffs Gene Judson and Michelle Judson*

*Attorneys for All Plaintiffs and the Class*

## CERTIFICATION

I, Yevgen Kovalov, certify that, excluding the caption, face sheet, signature block, and certificate of service, this Motion contains 2,973 words, and complies with DUCivR 7-1(a)(4).

DATED this 29th day of May 2024.

/s/ Yevgen Kovalov
Yevgen Kovalov

## CERTIFICATE OF SERVICE

On this 29th day of May 2024, I hereby certify that I electronically filed the foregoing Motion and Memorandum in Support for Appointment of Interim Class Counsel and Interim Liaison Counsel with the Clerk of Court using the CM/ECF system, which will send an electronic notification to counsel of record for all of the parties.

/s/ H. Evan Gibson